IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**VERNON THREADGILL, #13351**                                                                             **PLAINTIFF**

v.                                                                  **CIVIL ACTION NO. 3:10-CV-378-TSL-MTP**

**ROBERT MOORE, et al.**                                                                          **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon a Motion to Dismiss for Failure to Exhaust Administrative Remedies [27] filed by Defendants Robert Moore, Kenneth Kaiser, and Samantha Gonzalez, and a Motion to Dismiss for Failure to Exhaust Administrative Remedies [28] filed by Defendants Lataicha Swinney, Gloria Perry, and Margarett Bingham.[1] Defendants Swinney, Perry, and Bingham also filed a Motion for Stay of Proceedings [29] pending the Court's consideration of their Motion to Dismiss [28]. Plaintiff has responded [37]. Having considered the submissions of the parties and the applicable law, the undersigned recommends that Motions [27][28] be granted and that Plaintiff's claims against Defendants be dismissed without prejudice for failure to exhaust administrative remedies.

FACTUAL BACKGROUND

Plaintiff, Vernon Threadgill, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on July 6, 2010. At the time of the events in question, and at the time he filed the Complaint in this action, Plaintiff was incarcerated at Central Mississippi Correctional Facility in Pearl, Mississippi ("CMCF"), having been convicted

---

[1]Plaintiff failed to assert any allegations in his Complaint [1] against Defendants Christopher Epps and Tracy Phillips and, therefore, the Court declined to issue summonses for them in its Order [13] of July 22, 2010. Accordingly, neither is before the Court in these proceedings even though Defendant Epps was mistakenly included as a movant in Motion [28].

of rape. In his Complaint [1], Plaintiff asserts a number of claims against Defendants for the denial of adequate medical treatment.

Plaintiff claims Defendant Gonzalez, who he alleges is the nurse responsible for screening sick call requests at CMCF, gave "false pretexts" for the purpose of refusing to renew Plaintiff's "prescriptions" for his eye conditions when they expired on April 3, 2010.[2] Plaintiff further claims Defendant Gonzalez gave "false pretexts" in order to ignore his requests for medical treatment relating to serious neck, back, shoulder, leg, and toe pain and numbness of his body. He alleges Defendant Gonzalez's actions constitute deliberate indifference to his serious medical needs and unnecessary and wanton infliction of pain in violation of his rights under the Eighth and Fourteenth Amendments.

Plaintiff alleges Defendants Moore and Kaiser[3] failed to "accommodate [his] blindness" by refusing to renew his prescription for "lay-in" meals, which put him in danger of serious and irreparable injury. He further claims Defendants Moore and Kaiser ignored his requests for medical treatment, made during his respective appointments with each of them, relating to back and neck pain, numbness of his body, severe pain on the right side of his body, and possible kidney disease. Plaintiff alleges the actions of Defendants Moore and Kaiser constitute deliberate indifference to his serious medical needs in violation of his rights under the Eighth and Fourteenth Amendments. Finally, Plaintiff claims the actions of Defendants Moore and Kaiser,

---

[2]Plaintiff asserts he is legally blind and color blind as a result of macular dystrophy. He claims to have received a "prescription" for "lay-in" meals for eight years prior to April 3, 2010, so that he can avoid sunlight which causes him pain and further deteriorates the condition of his eyes.

[3]Plaintiff refers to Defendant Moore as Medical Director of CMCF and Defendant Kaiser as medical staff at CMCF.

in failing to treat him for the numbness of his toe and thereby causing the injury to worsen, constitute negligence.

Plaintiff asserts Defendant Swinney, a corrections officer at CMCF, refused to comply with his prescription for "lay-in" meals on several occasions. He further alleges that Defendants Perry and Bingham[4] failed to respond to his requests for medical treatment and failed to give him a reason why his prescription for "lay-in" meals was not renewed. Plaintiff claims the actions of Defendants Perry and Bingham in failing to respond to his requests for medical treatment violated his rights under the Eighth and Fourteenth Amendments and violated "state law."

## STANDARD

Because Defendants have submitted matters outside the pleadings with their Motions to Dismiss [27][28], the Court will consider them as motions for summary judgment. *See* Order [31] (citing FED. R. CIV. P. 12(d); *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010)). Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a).[5] Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World*

---

[4]Plaintiff refers to Defendant Perry as Chief Medical Officer and Defendant Bingham as Superintendent.

[5]The amendments to Fed. R. Civ. P. 56 became effective December 1, 2010. According to an excerpt from the Report of the Judicial Conference Committee on Rules of Practice and Procedure, the amendments to Fed. R. Civ. P. 56 "are intended to improve the procedures for presenting and deciding summary judgment motions, to make the procedure more consistent across the districts, and to close the gap that has developed between the rule text and actual practice. *The . . . amendments are not intended to change the summary judgment standard or burdens*." (emphasis added).

*Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This Court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

ANALYSIS

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "[P]roper exhaustion of administrative remedies is necessary," meaning that a prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006) (emphasis added); *see also Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)(overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199, 213-14 (2007))); *Lane v. Harris Cty. Med. Dep't*, 266 F. App'x 315, 315 (5th Cir. 2008) (under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules.") (citation omitted).

Miss. Code Ann. § 47-5-801 grants the Mississippi Department of Corrections ("MDOC") the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") "through which an offender may seek formal review of a complaint relating to any aspect of their incarceration."[6] *See* MDOC Inmate Handbook, Ch. VIII, ¶ 3. The ARP is a three step process. Inmates initially submit their grievance to the division head or the legal claims

---

[6]The MDOC's ARP process, as described herein, is the one in effect at the time Plaintiff filed the instant suit. Effective September 19, 2010, the ARP process was changed to a two step appeal process. *See Gates v. Barbour*, No. 4:71cv6-JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010).

adjudicator in writing, within thirty days after an incident has occurred.[7] If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may appeal to the Superintendent or Warden of the institution, who will then issue a Second Step Response. If still aggrieved, the inmate may appeal to the Commissioner of MDOC, where a Third Step Response is issued. At this time, the Administrator of the ARP will issue the inmate a certificate stating that he has completed the exhaustion of his administrative remedies and can now proceed to court. *See* MDOC Inmate Handbook, Ch. VIII; *see also Cannady v. Epps*, 2006 WL 1676141, at * 1 (S.D. Miss. June 15, 2006).

In his Response to Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies [37], Plaintiff appears to argue that MDOC's failure to respond to his previous requests for medical treatment prevented him from exhausting his administrative remedies through the ARP.[8] Plaintiff notes that he filed complaints through the ARP on April 22, 2010[9]

---

[7]The legal claims adjudicator is responsible for screening ARP requests. If an inmate submits multiple requests during Step One of the ARP, the first request will be accepted and handled. *See* MDOC Inmate Handbook, Ch. VIII, ¶ 7. The others will be logged and set aside for handling at the adjudicator's discretion. *Id.* The adjudicator may also reject an ARP request if the inmate has requested a remedy for more than one incident. *Id.* ¶ 5.

[8]The Fifth Circuit has recognized that the exhaustion requirement may be excused in "circumstances where administrative remedies are inadequate because prison officials have ignored or interfered with a prisoner's pursuit of an administrative remedy." *Johnson*, 261 F. App'x at 755 (citing *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir.1982)). Further, a prisoner's failure to exhaust "may be excused where dismissal would be inefficient or would not further the interests of justice or the purposes of the exhaustion requirement." *Id.* (citing *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir.1998), overruled on other grounds by *Carbe v. Lappin*, 492 F.3d 325 (5th Cir.2007)).

[9]Exh. 3 to Complaint.

and April 30, 2010[10], requesting emergency relief regarding the issues set forth in his Complaint [1]. He further claims that, on or about June 2010, he wrote a letter to the ARP department inquiring as to the status of those requests, but he still had not received a response from MDOC as of July 7, 2010.[11]

However, the record clearly contradicts Plaintiff's claim. Exhibit 3 to Plaintiff's Complaint [1] shows that David Petrie, a legal claims adjudicator for the ARP, responded to Plaintiff's April 22 request on April 23, 2010. *See* Exh. 3 to Complaint at 1. In his response, Mr. Petrie informed Plaintiff,

> Your most recent Request for Administrative Remedy which concerns your medical issue has been accepted, however, it is noted that you have a previously accepted ARP or ARP's which is/are presently under review. Your most recent request for Administrative Remedy is being set aside for handling in due course. If you wish to have your request handled now through the Administrative Remedy Program, you may withdraw (in writing) all pending ARP's.

*Id.* Thus, MDOC officials responded to Plaintiff's ARP filed on April 22, 2010, and that response was in accordance with ARP regulations. *See supra* note 7. Further, Plaintiff fails to show that he withdrew his ARP requests so that his request for medical treatment could be handled promptly. His April 30 request merely repeated the grievances set forth in his April 22 request, and did not contain any language indicating he wished to withdraw previous ARP's.

Based on the record, it is clear that Plaintiff's ARP request was not ignored. Rather, MDOC officials placed his request on backlog and informed Plaintiff of their actions in a written response. Instead of attempting to complete the first step of the ARP process by complying with

---

[10]Exh. 4 to Complaint.

[11]Neither party submitted the purported June 2010 letter as an exhibit.

the terms set forth in that response, Plaintiff chose to file the instant suit.

The Fifth Circuit has recognized that the procedure of backlogging in a prison administrative remedy program is constitutional and does not excuse a prisoner's failure to exhaust. *See Wilson v. Boise*, 252 F.3d 1356, 2001 WL 422621, at *4 (5th Cir. Mar. 30, 2001). Plaintiff has failed to exhaust his administrative remedies, and he has also failed to demonstrate that he should be excused from the requirement to exhaust.[12]

As stated by the United States Supreme Court:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedure rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Woodford*, 548 U.S. at 95. Because Plaintiff did not properly follow MDOC's administrative review process and failed to complete even the first step of the ARP before filing suit, he has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e)(a). *See id.*; *see also Johnson*, 261 F. App'x at 756 (dismissing prisoner complaint for failure to exhaust administrative remedies based on untimely filing of grievance); *Lane*, 266 F. App'x at 315 (affirming dismissal of prisoner complaint for failure to exhaust administrative remedies by

---

[12]A review of Plaintiff's ARP records (Exh. B. to Defs' Motion to Dismiss [27]) reveals that on October 6, 2010, Plaintiff filed an ARP request in which he alleged the prison medical staff and officials ignored his requests and failed to treat him for medical issues concerning his eyes, neck, head, back, legs, and stomach. However, the Court declines to consider this ARP request in ruling on Motions to Dismiss [27][28] as it was filed three months after Plaintiff filed the instant suit on July 6, 2010. Furthermore, Plaintiff failed to complete the now applicable two step ARP process in regard to that grievance. *See* Ex. B. to Defs' Motion to Dismiss [27] at 1, 27.

failing to complete administrative review process); *Agee v. Berkebile*, 2008 WL 199906, at * 3 (N.D. Tex. Jan. 24, 2008) (holding that by failing to resubmit a corrected version of procedurally defective grievance, prisoner "voluntarily halted the administrative process prematurely" and, therefore, did not exhaust his administrative remedies).

Moreover, to the extent that Plaintiff is arguing that his failure to exhaust administrative remedies should somehow be excused, such an argument is unavailing. He offers no evidence that "prison officials . . . ignore[d] or interfere[d] with [his] pursuit of an administrative remedy." *Johnson*, 261 F. App'x at 756 (citing *Holloway*, 685 F.2d at 154). In fact, MDOC officials gave Plaintiff the opportunity to have his medical issues addressed through the ARP before filing suit, but Plaintiff chose not to do so. *See* Exh. 3 to Complaint at 1. Accordingly, the appropriate remedy is for this Court to dismiss Plaintiff's claims without prejudice for failure to exhaust administrative remedies.

## RECOMMENDATION

For the foregoing reasons, it is the recommendation of this Court that Defendants' Motions [27][28] to Dismiss for Failure to Exhaust Available Administrative Remedies be granted and that this action be dismissed without prejudice for failure to exhaust administrative remedies.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of

the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).[13]

THIS, the 25th day of July, 2011.

s/ Michael T. Parker
United States Magistrate Judge

---

[13]*Douglass* referred to the previously applicable ten day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.